UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GALE A. PRIZEVOITS,<br>      Plaintiff,<br><br>vs.<br><br>CAPITOL ONE BANK, GREENE & COOPER,<br>P.S.C., KATHIE A. McBEATH, KYLE A.<br>COOPER, ESQ., JULIA M. PIKE, ESQ.,<br>JAMES R. GREGORY, JR., ESQ., ANDREA<br>WASSON, ESQ., TIM JANSEN, AMANDA<br>FESSLER, JOHN DOE, JANE DOE, and ONE<br>UP,<br>      Defendants. | 1:06-cv-374-LJM-VSS |

## ORDER

This matter comes before the Court on plaintiff's, Gale A. Prizevoits ("Prizevoits"), Motion for Voluntary Dismissal. Prizevoits provides no explanation of why a dismissal is necessary, but she seeks dismissal **without prejudice**. Because an answer to Prizevoits' complaint was filed, the Court deems Prizevoits' motion as one for dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)"). Defendant Capitol One Bank ("Capitol One") has filed a response in opposition requesting that this matter be dismissed **with prejudice** and that a monetary sanction be imposed.

This Court has inherent power to dismiss a case with prejudice when a plaintiff fails to prosecute her case. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). Further, when a plaintiff moves for dismissal pursuant to Rule 41(a)(2), a court may dismiss a case with prejudice under certain circumstances. *See Ratkovich v. Smith Kline*, 951 F.2d 155, 157-58 (7th Cir. 1991). Factors to consider when determining whether a dismissal should be with prejudice include a

defendant's efforts and expense for trial preparation, excessive delay and lack of diligence in prosecuting an action, insufficient explanation by a plaintiff for the need to take a dismissal, and whether a motion for summary judgment has been filed. *See id.* at 158.

Prizevoits initiated this action by filing her Complaint on March 6, 2006. Since that time, Prizevoits has essentially taken no action in this case. She failed to respond to two motions to dismiss filed on April 25, 2006, by Tim Jansen and Amanda Fessler, even after the Court issued an Order to Show Cause on June 9, 2006. Prizevoits likewise has failed to file a response to a motion to dismiss filed by defendants Greene & Cooper, P.S.C., *et al.,* within the time permitted by local rules, although after the Court issued an Order to Show Cause related to that motion Prizevoits filed the instant motion for voluntary dismissal. Finally, Prizevoits failed to appear at the initial pretrial conference of June 30, 2006, or contact the Court in advance of her intention not to appear.[1]

The Court declines to impose monetary sanctions against Prizevoits. However, considering the factors noted in *Ratkovich*, the Court is inclined to grant the request for dismissal, but only **with prejudice**. Even though this case has only pended for four months, Prizevoits has failed to diligently pursue this matter by not responding to the various motions to dismiss. Further, Prizevoits ignored the Court's June 9, 2006, Order to Show Cause. Finally, Prizevoits provides no explanation as to why a dismissal is necessary at this point.

While the Court is inclined to dismiss this case with prejudice, it is cognizant of the Seventh Circuit's directive that a litigant be given a reasonable opportunity to withdraw a motion to dismiss when a court is inclined to impose the extreme remedy of dismissal with prejudice. *See Marlow v.*

---

[1] Of course, Prizevoits may have thought it unnecessary to either appear for the pretrial conference or advise the parties and Court of her intention not to attend the conference in light of manually filing the instant request for voluntary dismissal on June 29, 2006.

*Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). Accordingly, the Court advises Prizevoits that it will dismiss her case **with prejudice** unless she opts to withdraw her motion for voluntary dismissal **within seven (7) days of the date of this order**.

Prizevoits is further advised that if she does notify the Court of her intent to withdraw the motion for voluntary dismissal and prosecute this matter, she must comply with both the rules and orders of this Court and that the continued failure to so comply will be deemed evidence of abandonment of her claims and subject her case to dismissal for failure to prosecute. This includes responding to the Court's June 26, 2006, Order to Show Cause as to why the motion to dismiss filed by defendants Greene & Cooper, P.S.C., *et al.* should not be granted, and the time for compliance with that Order is hereby **extended to July 14, 2006**. If Prizevoits does not withdraw her motion for voluntary dismissal **within seven (7) days of the date of this order**, this case will be dismissed **with prejudice**.

IT IS SO ORDERED this 6th day of July, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed via U.S. Postal Service to:

GALE A. PRIZEVOITS
P.O. Box 442
Greenwood, IN 46142

Electronically distributed to:

Dean R. Brackenridge
LOCKE REYNOLDS LLP
dbrackenridge@locke.com

Charlie William Gordon
Greene & Cooper PSC
cgordon@greenecooper.com

Nicole M. Liechty
STARNES & ATCHISON LLP
nml@starneslaw.com

Rik S. Tozzi
STARNES & ATCHISON LLP
rst@starneslaw.com